UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LADARIUS BOYCE,

          Petitioner,

v.                                                      Case No. 24-cv-0575-bhl

SUZANNE DEHAAN, Warden,

          Respondent.

## SCREENING ORDER

On May 9, 2024, Petitioner Ladarius Boyce, a state prisoner currently incarcerated at Wisconsin Resource Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On May 24, 2024, he paid the $5.00 filing fee. Rule 4 of the Rules Governing Section 2254 Cases, requires the Court to screen Boyce's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court also considers whether the petitioner has filed within the statute of limitations period. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. § 2244(d)(1)(A).

The petition refers to *State v. Boyce*, Milwaukee County Case Number 2017CF003346 available at https://wcca.wicourts.gov. The Court has reviewed the publicly available docket for that case and the Wisconsin Court of Appeals' decision summarily affirming Boyce's conviction. *See State v. Boyce*, No. 2020AP589-CRNM, 2021 WL 8649425 (Wis. Ct. App. Dec. 14, 2021). These records show that Boyce pleaded guilty to felony murder and arson of a building, as a party

to a crime, and was sentenced to twenty-three years' initial confinement to be followed by ten years' extended supervision. *Id.* at *1; Milwaukee County Case Number 2017CF003346. Boyce appealed and his appellate counsel filed a no-merit report pursuant to Wis. Stat. Rule 809.32 (2019-20) and *Anders v. California*, 386 U.S. 738 (1967). *Id.* After Boyce responded, the Wisconsin Court of Appeals conducted an independent review of the record and concluded there was no arguable merit as to any issue, and, on December 14, 2021, summarily affirmed the judgment. *Id.* Boyce did not seek further review by the Wisconsin Supreme Court. (ECF No. 1 at 3.)

Once the Wisconsin Court of Appeals denied his direct appeal, Boyce had thirty days to seek direct review. *See* Wis. Stat. § 808.10(1) (requiring a petition for review to be filed within thirty days of the date of the appellate court decision). The petitioner did not file a petition for review with the Wisconsin Supreme Court.

Under 28 U.S.C. § 2244(d)(1)(A), a petitioner must seek habeas relief within one year of his or her judgment becoming final. In the case of "a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires[.]" *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012). Thus, Boyce's conviction became "final," and his one-year limitations period began to run on January 13, 2022. He had one year from the date the judgment became final to file his federal habeas petition, and to be timely filed under Section 2244(d)(1)(A), Boyce was required to file his petition on or before January 13, 2023. The Court received Boyce's petition on May 9, 2024, more than a year after the statute of limitations expired. It therefore appears likely that Boyce's petition is untimely.

The Court has reviewed on-line records to see if Boyce might have taken steps that tolled the limitations period. For example, a petitioner who pursues post-conviction relief in state court may toll the habeas statute of limitations while those state court efforts are pending. *See* 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S 327, 331 (2007). On-line records of the Milwaukee County circuit court docket show that Boyce filed a motion for post-conviction relief on February 19, 2024. Boyce also claims in his petition that he filed a motion for post-conviction relief on March 6, 2024. (ECF No. 1 at 5.) It is unclear whether these are indeed separate proceedings or Boyce is simply mistaken on the date he sought relief in state court. Regardless, these post-conviction efforts would not have tolled the one-year limitation period because they were commenced well *after* the statute of limitations had already expired. *See* 28 U.S.C. § 2244(d)(2); *see also Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

While it appears that Boyce's petition is untimely, it may be possible (albeit unlikely) that Boyce could show that the limitation period for his claims began running at a date other than when his criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). It is also possible, but again unlikely, that Boyce could show that he is entitled to equitable tolling. *See Gladney*, 799 F.3d at 895–96; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accordingly, before dismissing the Petition as untimely, the Court will allow Boyce thirty days to explain why his claims are not barred by Section 2254's one-year statute of limitations. If Boyce fails to file a response that complies with this Order, his Petition will be dismissed for lack of diligence pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(c) (E.D. Wis.).

Accordingly,

**IT IS THEREFORE ORDERED** that, within **30 days of the date of this order**, Boyce shall show cause, if any, why his application for relief under Section 2254 is not time-barred. If Boyce fails to respond within 30 days, his petition will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on June 3, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge