UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LADARIUS BOYCE,

                Petitioner,

v.                                                    Case No. 24-cv-0575-bhl

SUZANNE DEHAAN, Warden,

                Respondent.

## ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2254

On June 3, 2024, the Court screened Petitioner Ladarius Boyce's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, determined that the petition is untimely and provided an opportunity for Boyce to explain why his claims are not barred by Section 2254's one-year statute of limitations. (ECF No. 4.) The Court gave Boyce 30 days from the date of the order to show cause why his application for relief under Section 2254 was not time-barred. (*Id.* at 3.) The Court further ordered that "[i]f Boyce fails to respond within 30 days, his petition will be dismissed with prejudice." (*Id.*) On June 27, 2024, Boyce filed a "motion for reconsideration under extraordinary circumstances," which the Court construes as his response. (ECF No. 5.)

Boyce alleges in conclusory fashion that "mental health problems w[ere] the cause of the extraordinary circumstances that stood in the way preventing a timely filing under 28 U.S.C. § 2244(d)(2)." (ECF No. 5 at 2.) Boyce states that he suffered from learning problems and ADHD disorders in school. (*Id.* at 1.) Boyce claims he had "a lot of mental problems out in the community" before he pleaded guilty to felony murder and arson of a building, as a party to a crime, but fails to demonstrate that he was incompetent to stand trial. (*Id.*) Boyce also claims that he "does not know how to correctly read or write" but does not explain who prepared his motion for reconsideration or his handwritten petition for writ of habeas corpus. (*Id.*) Other than these statements, Boyce does not explain how his mental illness accounted for the over the two years that lapsed between the finality of his conviction and the time Boyce filed his petition. Boyce thus fails to address whether he diligently pursued his rights throughout the statute of limitations period. He also provides no evidence as to his mental capacity during the period he requests tolling.

The Seventh Circuit has held that mental illness can toll a statute of limitations, but "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht v. Foster*, 727 F.3d 744, 750-51 (7th Cir. 2013). Boyce fails to meet his burden of demonstrating that his mental health issues "actually impaired his ability to pursue his claims." *Id.* at 751. He has alleged no specific facts as to his mental capacity and makes only conclusory allegations that he suffered from mental health problems. This Court does not need to hold an evidentiary hearing for vague or conclusory allegations. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). A hearing is warranted when a petitioner alleges facts, which if proven, would entitle him to relief. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). Equitable tolling is an extraordinary remedy that is "rarely granted." *Obriecht*, 727 F.3d at 748. The Court finds no basis to equitably toll the statute of limitations and, therefore, will dismiss Boyce's Section 2254 petition as untimely.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for reconsideration under extraordinary circumstances, ECF No. 5, is **DENIED.**

**IT IS FURTHER ORDERED** that the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

The petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event the petitioner decides to appeal, he should ask the Court of Appeals to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin on July 9, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge